UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR.,<br><br>  Plaintiff,<br><br> v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | Case No.  24-cv-06874-JSC<br><br>**DISMISSAL ORDER** |

On September 25, 2024, Plaintiff—proceeding without attorney representation—sued Oakland Unified School District. (Dkt. No. 1.) That same day, Plaintiff moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) Magistrate Judge Kim denied Plaintiff's application because it did not provide sufficient detail. (Dkt. No. 6 at 2-3.) Plaintiff did not file another IFP application by the November 4, 2024 deadline Judge Kim set.

On November 14, 2024, the case was reassigned to this Court. (Dkt. No. 9.) The Court extended the deadline to file another application to proceed IFP to January 10, 2025. (Dkt. No. 12.) Because Plaintiff did not file an application by the January 10, 2025 deadline, the Court issued an order to Plaintiff to show cause as to why the action should not be dismissed. (Dkt. No. 14 at 2.) Plaintiff was ordered, by February 5, 2025, to "file a response to this order to show cause, and any response shall be accompanied by another application to proceed in forma pauperis that is consistent with the Court's above instructions." (Dkt. No. 14 at 2.)

On February 5, 2025, Plaintiff filed an "opposition to Hon. Judge's Order File Other Application Proceed Forma Pauperis, Due Unfair Process at Transfer Court Case, Relative Court." (Dkt. No. 15 at 1.) Plaintiff's filing did not include a new application to proceed IFP, nor did it show cause as to why such filing is not required. Instead, the filing reattached the same

1  September 20, 2024 IFP application Judge Kim and this Court concluded lacks sufficient detail.
2  (*Id*. at 4-5.)  So, the Court denied Plaintiff's request to proceed IFP and ordered that "[i]f Plaintiff
3  does not pay the filing fee by February 21, 2025, the Court will dismiss this case without
4  prejudice." (Dkt. No. 16 at 2.)  Plaintiff has not paid the filing fee.

5  Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for
6  failure to prosecute or to comply with a court order.  *See Hells Canyon Preservation Council v.*
7  *U.S. Forest Serv.*, 403 F.3d 683, 689 n.3 (9th Cir. 2005) (recognizing that a court may sua sponte
8  dismiss an action pursuant to Rule 41(b)).  In determining whether a Rule 41(b) dismissal is
9  appropriate, the court must weigh the following factors: "(1) the public's interest in
10 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
11 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and
12 (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th
13 Cir. 1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at
14 least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399
15 (9th Cir. 1998) (internal citation and quotation marks omitted).

16 Here, four of the five *Henderson* factors weigh in favor of dismissal.  The first two
17 factors—the public interest in expeditious resolution of litigation and the Court's need to manage
18 its docket—relate to the "efficient administration of judicial business for the benefit of all litigants
19 with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279
20 (9th Cir. 1980).  By failing to file another IFP application or pay the filing fee, Plaintiff has
21 delayed adjudication of this action.  Non-compliance with the Court's orders wastes "valuable
22 time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."
23 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

24 As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial
25 itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite
26 the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983,
27 991 (9th Cir. 1999).

28 The fourth factor is the availability of less drastic sanctions.  The Court already cautioned

2

1  Plaintiff failure to respond would result in dismissal of this action.  (Dkt. Nos. 14, 16.)  Thus, the
2  Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva*
3  *v.Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district
4  court's warning to a party that failure to obey the court's order will result in dismissal can satisfy
5  the 'consideration of [less drastic sanctions]' requirement.").  The fourth factor thus weighs in
6  favor of dismissal.

7  The last factor, which favors disposition on the merits, by definition weighs against
8  dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors
9  disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

10  In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in
11  its entirety.  *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored
12  dismissal, while two factors weighed against dismissal).  The Court therefore DISMISSES this
13  action without prejudice.

14  The Clerk is directed to close the action.

16  **IT IS SO ORDERED.**

17  Dated: March 3, 2025

JACQUELINE SCOTT CORLEY
United States District Judge